**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SERGIO ARMANDO LAZCON, on behalf of himself and other similarly situated individuals, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 18-cv-7428 |
| v. | ) ) | Judge |
| SCHMECHTIG LANDSCAPE COMPANY, and MICHAEL SCHMECHTIG, Individually, | ) ) ) ) | Magistrate Judge |
| Defendants. | ) ) ) | JURY DEMAND |

**CLASS ACTION COMPLAINT**

Plaintiff Sergio Armando Lazcon, on behalf of himself and other similarly situated individuals, known and unknown, by and through their attorneys, against Schmechtig Landscape Company, and Michael Schmechtig, individually ("Defendants") states as follows:

### I.    NATURE OF THE CASE

1.    This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*. ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq*. ("IWPCA") for Defendants' failure to pay Plaintiff and other similarly situated employees overtime wages for all time worked in excess of forty (40) hours in a workweek in violation of the FLSA and IMWL, and failure to pay the agreed rate of pay as final compensation under the IWPCA.

## II.     JURISDICTION AND VENUE

1.     This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b).  This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

2.     Venue is proper in this judicial district because Defendants' place of business is located within this judicial district and the events giving rise to Plaintiffs' claims occurred in this judicial district.

## III.     PARTIES

**Plaintiff**

3.     Plaintiff Sergio Armando Lazcon has consented to sue pursuant to the collective action procedures of the FLSA. *See* Ex. A, attached.

4.     At all relevant times, Plaintiff was Defendants' "employee" as defined by the FLSA, 29 U.S.C. §201 *et seq.*, and IMWL, 820 ILCS 105/1 *et seq*.

**Defendants**

5.     Within the relevant time period, Defendant Schmechtig Landscaping Company (Schmechtig):

      a.  has been a corporation organized under the laws of the State of Illinois;

      b.  has had its principal place of business at 20860 West Indian Creek Road, Mundelein, Illinois 60060;

      c.  has conducted business in Illinois and within this judicial district;

      d.  has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, within the meaning of Section 3(s)(1)(A);

2

    e.   has had two (2) or more employees who have handled goods that moved in interstate commerce; and

    f.   was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d) and IMWL, 820 ILCS 105/3(c).

6.    Within the relevant time period, Defendant Michael Schmechtig:

    a.   has been a principal of a corporation organized under the laws of the State of Illinois;

    b.   has worked at its principal place of business at 20860 West Indian Creek Road, Mundelein, Illinois within this judicial district;

    c.   has conducted business in Illinois and within this judicial district;

    d.   has been the owner or president of Schmechtig Landscape Company, Inc.;

    e.   has had two (2) or more employees who have handled goods that moved in interstate commerce; and

    f.   was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d) and IMWL, 820 ILCS 105/3(c).

## IV.    FACTUAL BACKGROUND

7.    Defendant Schmechtig Landscaping Company, is a corporation specializing in landscape design, maintenance, construction, lighting, irrigation installation, garden services, seasonal decorating, exterior designs and nursery care.

8.    Defendant Michael Schmechtig, is the owner and president of Schmechtig Landscaping Company.

9.     Plaintiff, Sergio Amando Lazcon, worked as a laborer for Schmechtig Landscaping doing lawn maintenance, loading, unloading maintenance equipment, and other support work for two seasonal periods.

10.     Sergio Armando Lazcon worked for Defendants from May 2015 to November of 2015.

11.     Sergio Armando Lazcon worked for Defendants from May 2016 to November of 2016.

12.     By agreement with the Defendants, Sergio Armando Lazcon was paid $13.00 per hour for the seasonal period of May 2015 to November 2015.

13.     By agreement with the Defendants, Sergio Armando Lazcon was paid $13.50 per hour for the seasonal period of May 2016 to November 2016.

14.     Plaintiff was directed to work and did work over forty (40) hours in individual workweeks.

15.     Throughout the period from May of 2015 to November 2015, Defendants failed to pay Plaintiff and other similarly situated employees at the time-and-a-half overtime rate for all hours worked in excess of 40 hours in a single workweek.

16.     Throughout the period from May of 2016 to November of 2016, Defendants failed to pay Plaintiff and other similarly situated employees at the time-and-a-half overtime rate for all hours worked in excess of 40 hours in a single workweek.

17.     Instead, Defendants would pay Plaintiff only for the hours between 6:30am and 5:30pm, excluding a lunch break, despite any work that the Plaintiff did before or after this time period.

4

18.     Defendants did not compensate Plaintiff and similarly situated employees for all the time Plaintiffs and other employees actually spent doing preparatory work and post-work.

19.     Defendants did not compensate Plaintiff and similarly situated employees for all the hours spent working after arriving to the shop at the end of the day.

20.     This work always took more time than the limited amount of time Plaintiff and similarly situated employees were compensated for by Defendants.

21.     As a result, Plaintiff was not paid for all time worked, most or all of which was in excess of 40 hours per week.

22.     Plaintiff and similarly situated employees were entitled to be paid time–and-a-half their normal rate of pay for all the hours they worked in excess of 40 hours in individual workweeks.

## V. CLASS ACTION ALLEGATIONS

23.     Upon filing of this case, Plaintiff will immediately seek to certify this case both as a collective action as to the federal claims and as a class action pursuant to Fed. R. Civ. P. (Rule) 23 for their state law claims for Illinois-mandated overtime wages (Counts II and III) arising under the IMWL and IWPCA.

24.     The IMWL class pertaining to Count II that Plaintiff seeks to represent is defined as: All individuals employed by Schmechtig Landscape Company and Michael Schmechtig and classified as non-exempted from overtime provisions of the FLSA and IMWL and who worked in excess of forty (40) hours in any individual workweeks for the period of May 2015 through the date of judgment.

25.     The IWPCA class pertaining to Count III that Plaintiff seeks to represent is defined as: All individuals employed by Schmechtig Landscape Company and Michael

Schmechtig and classified as non-exempted from overtime provisions of the FLSA and IMWL and who performed unpaid preparatory work and post work at the employer's facility for the period of May 2015 through the date of judgment.

26. Counts II and III are brought pursuant to Rule 23 (a) and (b) because:

a. The class is so numerous that joinder of all members is impracticable:

b. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendant has employed dozens of individuals in Illinois during the IMWL and IWPCA Class Periods;

c. There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of law and fact include, without limitation:

    i. Whether Defendants misclassified Plaintiff and the Class as exempt from the IMWL and IWPCA.

    ii. Whether Defendants failed to pay Plaintiff and the Class overtime wages for all time worked over forty (40) hours in individual workweeks during the IMWL and IWPCA Class Period.

d. Plaintiff will fairly and adequately represent and protect the interests of the Class members. Plaintiff's Counsel is competent and experienced in litigating discrimination and other employment class actions;

e. The class representative and the members of the class have been equally affected by Defendants' failure to pay Illinois overtime wages;

f. The class representative, class members and Defendants have a commonality of interest in the subject matter and remedies sought and the class representative is

6

able to fairly and adequately represent the interest of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, Defendant, and the Court.

27.     Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## COUNT I
## Violation of the Fair Labor Standards Act- Overtime Wages
## Section 216(b) Collective Action

28.     Plaintiff incorporates and re-alleges paragraphs 1 through 27 of this Complaint, as though set forth herein.

29.     The matters set forth in this Count arise from Defendants' violation of the overtime provisions of the FLSA.

30.     In the three years prior to the filing of this complaint, Defendants suffered or permitted Plaintiff to work, and Plaintiff did in fact work, in excess of forty (40) hours in individual workweeks during his employment with Defendants.

31.     In the three years prior to the filing of this complaint, Defendants likewise suffered or permitted other similarly situated employees to perform work for Defendants in excess of forty (40) hours in individual workweeks.

32.     Plaintiff and other similarly situated employees were not exempt from the overtime wage provisions of the FLSA.

33.     Plaintiff and other similarly situated employees were entitled to be compensated at the rate of one-and-a-half times their regular rate for all time worked in excess of forty (40) hours in individual workweeks.

7

34.     Defendants violated the FLSA by failing to compensate Plaintiff and other similarly situated employees' overtime wages for all time worked in excess of forty (40) hours in individual workweeks.

35.     Plaintiff and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years prior to Plaintiff filing his complaint because Defendants' violation was willful.

WHEREFORE, Plaintiff and similarly situated employees pray for a judgment against Defendants as follows:

A.  That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA and direct that notice be sent out in English and Spanish at the earliest possible date;

B.  A judgment in the amount of unpaid overtime wages for all the time Plaintiff and similarly situated employees worked in excess of forty (40) hours in individual workweeks for Defendants;

C.  Liquidated damages in the amount equal to the unpaid wages;

D.  That the Court declare Defendants violated the FLSA;

E.  That the Court enjoin Defendants from continuing to violate the FLSA;

F.  Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

G.  Such other further relief this Court deems appropriate and just.

**COUNT II**
**Violation of the Illinois Minimum Wage Law- Overtime Wages**
*Class Action*

36.     Plaintiff incorporates and re-alleges paragraphs 1 through 35 of this Complaint, as though set forth herein.

37.     The matters set forth in this Count arise from Defendants' violation of the overtime wage provision of the IMWL.

8

38.     In the three years prior to the filing of this complaint, Defendants suffered or permitted Plaintiff to work, and Plaintiff did in fact work, in excess of forty (40) hours in individual workweeks during their employment with Defendants.

39.     In the three years prior to the filing of this complaint, Defendants suffered or permitted other similarly situated employees to work, and other similarly situated employees did in fact work, in excess of forty (40) hours in individual workweeks during their employment with Defendants.

40.     Plaintiff and other similarly situated employees were not exempt from the overtime wage provisions of the IMWL.

41.     Plaintiff and other similarly situated employees were entitled to be compensated at the rate of one-and-a-half times their regular rate for all time worked in excess of forty (40) hours in individual workweeks.

42.     Defendants violated the IMWL by failing to compensate Plaintiff and similarly situated employees for all time worked in excess of forty (40) hours in individual workweeks.

WHEREFORE, Plaintiff and similarly situated employees pray for a judgment against Defendants as follows:

A.  That the Court determines that this action may be certified as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B.  A judgment in the amount of unpaid overtime wages for all the time Plaintiff and similarly situated employees worked in excess of forty (40) hours in individual workweeks for Defendants;

C.  Statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D.  That the Court declare the Defendants violated the IMWL;

E.  That the Court enjoin the Defendants from continuing to violate the IMWL;

9

F.  Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

G.  Such other further relief this Court deems appropriate and just.


**COUNT III**
**Violation of the Illinois Wage Payment and Collection Act- Failure to pay the agreed rate**
*Class Action*

43.     Plaintiff incorporates and re-allege paragraphs 1 through 42 of this Complaint, as though set forth herein.

44.     The matters set forth in this Count arise from Defendants' violation of the IWPCA.

45.     In the ten years prior to the filing of this complaint, Defendants suffered or permitted Plaintiff to work, and Plaintiff did in fact work, in excess of forty (40) hours in individual workweeks during his employment with Defendant.

46.     In the ten years prior to the filing of this complaint, Defendants suffered or permitted other similarly situated employees to work, and other similarly situated employees did in fact work, in excess of forty (40) hours in individual workweeks during their employment with Defendants.

47.     Plaintiff and other similarly situated employees had an agreement with the Defendants that they would be paid at one-and-a-half times their regular agreed rate for all time worked in excess of forty (40) hours in individual workweeks.

48.     Defendants violated the IWPCA by failing to compensate Plaintiff and similarly situated employees at the agreed rate for all time worked.

WHEREFORE, Plaintiff and similarly situated employees pray for a judgment against Defendants as follows:

A. That the Court determines that this action may be certified as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B. A judgment in the amount of unpaid wages for all the time Plaintiff and similarly situated employees worked in excess of forty (40) hours in individual workweeks for Defendants;

C. Statutory damages pursuant to the formula set forth in 820 ILCS 115/14(a);

D. That the Court declare the Defendants violated the IWPCA;

E. That the Court enjoin the Defendants from continuing to violate the IWPCA;

F. Reasonable attorneys' fees and costs of this action as provided by the IWPCA; and

G. Such other further relief this Court deems appropriate and just.

Dated November 8, 2018

Respectfully Submitted,

/s/Michael Schorsch
Michael Schorsch

Despres, Schwartz & Geoghegan Ltd.
77 W. Washington St., Suite 711
Chicago, IL 60602
mschorsch@dsgchicago.com
(312) 372-2511

/s/Alexandria Santistevan
Alexandria Santistevan

FARMWORKER & LANDSCAPER
ADVOCACY PROJECT
33 N. LaSalle Street, Suite 900
Chicago, IL, 60602
litigation@flapillinois.org
(312) 784-3541

Attorneys for Plaintiff, and all other
Plaintiffs similarly situated, known or
unknown.

11